IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.: 07-309 (RJL) |
| | : | Motion Hearing: May 7, 2008 |
| ASHANTI CHAMPEAN | : | |
| | : | |
| Defendant. | : | |
| | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
## TO SUPPRESS PHYSICAL EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, opposes the defendant's Motion to Suppress Physical Evidence. In support of its opposition, the Government relies on the following points and authorities and such points and authorities as may be cited at a hearing on the Motion.

### Background

On June 22, 2007, at about 1:15AM Officer Ryan Klipp was parked in his Metropolitan Police Department vehicle when he observed the driver of a maroon-colored Mitsubishi speaking on a cellular telephone in the 5000 block of North Capitol Street, NW, while operating the vehicle. Officers stopped the vehicle in the 4800 block of North Capitol Street NW. Klipp checked the vehicle's tag and was notified that the vehicle was not registered. He then checked the vehicle identification number on the windshield and was again notified that the vehicle was unregistered. After Klipp took the driver, the defendant, out of the vehicle to be arrested, the driver appeared nervous and attempted to walk around Klipp. Klipp grabbed the defendant's belt area and asked the defendant if he had anything on him. The defendant responded that he had a gun. The defendant

was carrying in a black holster on his right hip a Glock firearm with a loaded magazine containing nine rounds of .40 caliber ammunition. After the defendant's arrest, the front passenger was also removed from the vehicle. The front passenger refused to identify himself and was released. Afterwards, during the search of the vehicle, officers found a Sig Sauer .22 caliber firearm with one magazine of 10 rounds of .22 caliber ammunition under the front passenger seat. Finding the Sig Sauer further heightened the officers' suspicions that there might be further evidence of contraband in the vehicle. Once the defendant had been arrested and the Sig Sauer found, officers searched the trunk of the vehicle and found the container in which the Glock was apparently sold and packaged in, which included an extra magazine, speed loader, a locking device that prevents the Glock from firing, and cleaning equipment. The defendant waived his rights and agreed to speak with detectives. During this conversation he admitted to possessing the Glock.

## Argument

The defendant was observed operating a vehicle while speaking on a cellular telephone, in violation of District of Columbia law. See D.C. Code § 50-1731.04. Officers were thus entitled to stop the vehicle. Whren v. United States, 517 U.S. 806, 810 (1996) (police may stop automobile when they have probable cause to believe a traffic violation has occurred). While the vehicle was stopped, officers ran two separate registration checks indicating that the vehicle was unregistered. Based on that information, the officers had probable cause to believe that the defendant was driving in an unregistered vehicle, which conduct is an arrestable offense. D.C. Code § 50-1501.04(a) & (b).[1] Police may search the defendant, and the areas in his immediate control, once they have

---

[1] The officer did not need to formally place the defendant in handcuffs or state that the defendant was under arrest prior to the search. United States v. Cutchin, 956 F.2d 1216, 1218-19 (continued...)

probable cause to believe he has committed an arrestable offense. New York v. Belton, 453 U.S. 454, 459-60 (1981). Because it was inevitable that the police would have located the firearm on the defendant's hip, there is no basis in the Forth Amendment to suppress evidence found on the defendant.[2] Further, once the defendant replied to the officer's question that he did have a gun in his possession, that reply created probable cause to believe that the defendant was illegally armed and an independent basis for the search. United States v. Coley, 974 F. Supp. 41 (D.D.C. 1997); see also United States v. Gonzalez-Sandoval, 894 F.2d 1043 (9th Cir. 1990).

Next, as a search incident to arrest, and after finding the Sig Sauer in the passenger compartment, the officers did not violate the Fourth Amendment by searching the trunk of the vehicle. The presence of a gun on the defendant, as well as the discovery of the of the gun underneath the passenger seat, supported the possibility that the car contained ammunition, additional weapons, and/or other contraband. See United States v. Brown, 334 F.3d 1161, 1171-72 (D.C. Cir. 2003) (trunk search permissible where presence of weapon in vehicle supported possibility of other guns in vicinity).[3]

---

[1](...continued)
(D.C. Cir. 1992) (frisk prior to formal arrest acceptable if probable cause for arrest).

[2]As described supra, the officer asked the defendant if he had anything on him, to which the defendant replied, "yeah, I got a gun." The officers would have found the gun on the defendant's hip regardless of this statement, as he was already subject to arrest – and search – at the time of the statement. Nix v. Williams, 467 U.S. 431, 444 (1984) (inevitable discovery doctrine permits introduction of evidence where government shows by preponderance of evidence that officers would have obtained the evidence by lawful means regardless of intervening illegality).

[3]The government notes that the search of the trunk violated no Fourth Amendment precedent even though the defendant does not appear in his motion to argue for the suppression of anything other than the Glock. See Mot. at 3.

**Conclusion**

WHEREFORE, the government requests that the Court deny Defendant's Motion.

                        Respectfully submitted,

                        JEFFREY A. TAYLOR
                        United States Attorney

By: _____
                        Jeff Pearlman
                        DC Bar 466901
                        Assistant U.S. Attorney
                        Federal Major Crimes Section
                        555 4th Street, N.W.
                        Washington, D.C.  20530
                        (202) 353-2385