UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 07-309 (RJL) |
| : | |
| TASHEIK CHAMPEAN, : | |
| : | |
| Defendant. : | |
| : | |

## UNITED STATES' SUPPLEMENTAL MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion to Suppress Evidence. In support of its motion, the United States relies on the following points and authorities, and such other points and authorities that were previously cited via motion or at the hearing on this matter:

### Supplemental Facts

1. The defendant is charged with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year.

2. On July17, 2008 a Motion to Suppress hearing was conducted. Officer Ryan Klipp of the Metropolitan Police Department testified on behalf of the government and the defendant testified on behalf of the defense.

3. Officer Klipp testified that he "pulled up behind a vehicle that the operator was utilizing a cellular phone". (Tr. 5) Officer Klipp testified that he ran the plate of the vehicle and the vehicle came back unregistered. (Tr. 5) Officer Klipp then approached the driver and he advised him that he was pulled over because he was seen using the cell phone. (Tr. 25). Officer Klipp then ran the vehicle identification number that was posted in the windshield and again the

vehicle came back unregistered (Tr. 5, 27). Officer Klipp conducted the second registration check to be certain that the vehicle was unregistered. Once Officer Klipp determined that the vehicle was in fact unregistered he then asked the defendant to step out of the car so that he could be placed under arrest. (Tr. 6).

## ARGUMENT

### A. The Traffic Stop was Lawful and Constitutionally Permissible

The Fourth Amendment's prohibition against unreasonable searches is not violated where officers execute a stop after observing facts which indicate probable cause to believe a traffic violation has occurred. See, e.g., Whren v. United States, 517 U.S. 806, 810 (1996). Moreover, even where the police lack probable cause, they may conduct a brief investigatory stop if they have reasonable articulable suspicion to believe a traffic violation has occurred. Carr v. United States, 758 A.2d 944, 946-47 (D.C. 2000) (recognizing that traffic violation can give rise to reasonable articulable suspicion); Mayes v. United States, 653 A.2d 856, 861 (D.C. 1995)(same); Minnick v. United States, 607 A.2d 519, 524 (D.C. 1992)(police may stop and question motorists when they witness or suspect a violation of traffic). See also Ohio v. Newsome, 593 N.E.2d 40, 42 (Ohio Ct. App. 1990)(where defendant's car was impeding traffic, there were articulable facts supporting investigatory traffic stop and probable cause not required). In order to justify a stop or other comparable detention, the police must have a "particularized and objective basis for suspecting the particular person stopped of criminal activity." This requirement is not an onerous one. Nevertheless, "[r]easonable suspicion, like probable cause, is dependent upon both the content of information possessed by police and its degree of reliability." Mayes, 653 A.2d at 861.

After an investigatory stop, "[a]n officer has probable cause to arrest an individual when he or she has reasonably trustworthy information at the moment of arrest sufficient to warrant a reasonably prudent [person] in believing that the [suspect has] committed or [is] committing an offense." Funchess v. United States, 677 A.2d 1019, 1020 (D.C. 1996)(internal citations omitted). Probable cause requires a quantum of proof much lower than such standards as "beyond a reasonable doubt" or even a "preponderance of the evidence." It exists if the totality of the circumstances, as viewed from the perspective of a reasonable and prudent police officer in light of his training and experience, warrants a belief that an offense has been or is being committed. Illinois v. Gates, 462 U.S. 213, 230 (1983). Once an officer has probable cause to arrest an individual, he needs no additional justification for conducting a search of him or her incident to that arrest. United States v. (Calvin L.) Brown, 708 A.2d 637, 638 (D.C. 1998).

In the case at bar, Officer Klipp witnessed what he reasonably believed to be a traffic violation. Officer Klipp testified that he pulled up behind the vehicle and the operator [the defendant] was utilizing a cellular phone. (Tr. 5) His belief is bolstered by the defendant's testimony acknowledging that he was in fact using his cell phone prior to Officer Klipp stopping his vehicle. Even though the defendant testified that he was using a blue-tooth device at the time the stop was made, the fact that he was actually on the phone discounts the defendant's argument to the Court that Officer Klipp made up the cell phone violation from whole cloth. Assuming arguendo, the Court credits both witnesses' testimony and finds that the defendant was in fact using a blue-tooth. The government is not required to prove that the defendant was not using a blue-tooth. The government's burden is to establish that based on objective factors that there was a reasonable and articulable suspicion for Officer Klipp to believe that a violation had occurred and that a stop was therefore conducted. Based on Officer Kilpp's training, experience

and observation, he had reasonable and articulable suspicion to conduct an investigatory stop in this case. In addition to the cell phone violation, Officer Klipp checked the defendant's tag before ever approaching the defendant's car. (Tr. 16) Before Officer Klipp had a chance to investigate further whether the defendant had committed a traffic violation by talking on the cellular phone, he was made aware that the car was unregistered. Therefore, he also had reasonable and articulable suspicion that the car the defendant was driving was unregistered based on the initial check of the tag.

Finally, the defendant's argument that the initial check of the tag was not really done because the officer only told the defendant about the cell phone violation is without merit. Officer Klipp testified that after he told Mr. Champean the reason he was stopped (cell phone violation) he did another check of the registration using the vehicle identification number (VIN). (Tr. 27). Officer Klipp was very clear that he did not want to rely solely on the check of the tag. Officer Klipp not advising the defendant that the vehicle was suspected of being unregistered is consistent with Officer Klipp's explanation that he wanted to check the VIN to confirm that the car was in fact unregistered.

B. The Decision in  Bullock is Distinguishable from the Facts in this Case.

At the July 17, 2008 hearing, the defendant relied on the holding in US v. Tyshaun Bullock 215 F.Supp. 29 (174) to justify suppression in this case. In Bullock, the officers stated that the reason they stopped the defendant was because he ran a red light and that he subsequently consented to the search of his car. At the suppression hearing evidence was presented from a red light camera that showed that the defendant did run the red light and one of the officers testified that in fact the light was yellow and not red. The running of the red light was the sole reason for the stop. The court concluded that the officers had no probable cause to

stop for a traffic violation and the officers knew it at the time the stop was made.  The Court went on to say that the officers had no "articulated and reasonable suspicion of other criminal activity-at least none that they articulated at the hearing-that either Bullock's vehicle or its sole occupant were in any way engaged in some other violation of law thus subject to the seizure or a traffic stop." citing Delaware v. Prouse, 440 U.S. 648,663, 99 S.Ct. 1391, 59 L.ed.2d 660 (1979).

Bullock is distinguished from the case at bar.  First, in Bullock there was direct evidence from the camera and from the officer's testimony that the light was in fact yellow and not red thus negating the only reason the officers had for stopping the defendant.   No such evidence exists in this case.  The defendant is asking the Court to assume facts that are not in evidence and to rely on unsupported inferences in order to conclude that Officer Klipp did not have reasonable and articulable suspicion that a traffic violation had occurred.  The defendant in this case wants the court to assume that Officer Klipp did not run the initial tag because he did not say anything to the defendant before he confirmed it by checking the VIN or because he does not recall whether he said anything to his partner about the unregistered car before the second check was performed.  That does not even come close to the facts that were before the Court in Bullock. Second, in Bullock there was no subsequent or intervening violation of the law that would have allowed the officers to search the defendant's car.   The court in Bullock clearly considered the fact that no other criminal activity was presented as a basis for the seizure. Since there was no other basis for the court to consider in Bullock, there was no other finding for the court to make. The holding in Bullock does not find, as the defendant suggested, that if the original basis for a stop is invalid that other violations could not be considered.   In this case, Officer Klipp not only had reasonable and articulable suspicion to conduct an investigatory stop based on the traffic violation, there was also evidence of other criminal activity, the unregistered vehicle.

**CONCLUSION**

      WHEREFORE, for all of the reasons stated above, the United States respectfully submits that the defendant's motion to suppress evidence should be denied.

      Respectfully submitted,

      JEFFREY A. TAYLOR
      UNITED STATES ATTORNEY

      *Bridgette Crafton*

By:    BRIDGETTE CRAFTON
       Assistant United States Attorney
       Federal Major Crimes Section
       United States Attorney's Office
       555 4th Street, N.W., room 4231
       Washington, D.C. 20530
       202-353-2385